IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America,

v.

Ethan Nordean, *et al.*,

Defendants.

Case: 1:24−mc−00040
Assigned To : Kelly, Timothy J.
Assign. Date : 3/19/2024
Description: Misc.

Criminal Action No. 21-cr-175 (TJK)

Honorable Timothy J. Kelly

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28, the District of Columbia ("the District") seeks access to all trial exhibits in this criminal case. The District suffered harms during the January 6, 2021 attack on the U.S. Capitol (the "Attack"). The exhibits that the District seeks are relevant to its civil action against Defendants Ethan Nordean, Joseph Biggs, Zachary Rehl, Charles Donohoe, Enrique Tarrio, and Dominic Pezzola in this case, among others, for harming the District in the course of the Attack. *See District of Columbia* v. *Proud Boys Int'l LLC,* No. 21-cv-3267 (D.D.C.). Additionally, the Defendants in this case allegedly were members of the Proud Boys organization, which also is a defendant in the District's civil action.

For the reasons stated herein, the District respectfully requests that the Court order the Government to allow the District to access and download all exhibits from the trial in the above-captioned matter (the "Trial Exhibits"), including downloadable documentary, photographic, and videographic exhibits. The District further requests permission to retransmit and distribute any trial exhibits obtained from this matter to the parties in *District of Columbia* v. *Proud Boys Int'l LLC*, No. 21-cv-3267 (D.D.C.) to fulfill its obligations under the Federal Rules of Civil Procedure and any orders entered by the Court

1

RECEIVED
MAR 19 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

in that matter and preserve its ability to use the exhibits in that litigation. The District requests access to the Trial Exhibits via the electronic "drop box" solution outlined in Standing Order No. 21-28, which governs public access to video exhibits in criminal cases arising from the Attack.

Discovery in the District's pending civil case has commenced, and the Trial Exhibits are relevant to establishing the District's claims in that case. The District's claims include, *inter alia,* conspiracy to prevent, interrupt, hinder, and impede, through force, intimidation, and threat United States officials from discharging official duties of their offices and positions of trust (42 U.S.C. § 1985(1)); having actual knowledge of said conspiracy and refusing or neglecting to prevent it (42 U.S.C § 1986); and conspiracy to commit assault, battery, and intentional infliction of emotional distress, all based on Defendants' conduct related to the Attack.[1] Defendants Nordean, Biggs, Rehl, Donohoe, Tarrio, and Pezzola were all either found guilty of or pleaded guilty to crimes arising from their planning of and participation in the Attack.

Like the District's Section 1985(1), Section 1986, and civil conspiracy claims against these Defendants, these criminal charges centered on Defendants' alleged conspiracy to corruptly obstruct, influence, and impede an official proceeding; and their alleged use or conspiracy to use force, intimidation, or threat to prevent Congress from performing its duties respecting the congressional certification of the 2020 presidential election results. *See* Dkt. 380 at 8–26.

---

[1] The claims brought under 42 U.S.C. § 1985(1) and 42 U.S.C § 1986 against Nordean, Rehl, Donohoe, Pezzola, and the Proud Boys were not dismissed by the Court's Memorandum Opinion and Order granting in part and denying in part certain Defendants' motions to dismiss, *District of Columbia* v. *Proud Boys Int'l LLC,* No. 21-cv-03267 (D.D.C.) (Apr. 1, 2023), Dkt. 171. Nordean, Rehl, Donohoe, Pezzola, and the Proud Boys did not move to dismiss the District's Amended Complaint and, therefore, the District will continue to pursue these claims against these Defendants.

Most, if not all, of the Trial Exhibits remain unavailable on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As a member of the public, the District has a right to access documents submitted at trial and this Court has granted a similar application by civil plaintiffs, Capitol Police Officers, in this case, Dkt. 809, and the related case *United States* v. *Crowl*, No. 21-cr-28 (D.D.C.), Dkt. 636-1. Accordingly, the District requests that the Court order the Government to allow the District to access and download the Trial Exhibits via an electronic drop box and permit the District to retransmit and distribute any trial exhibits obtained from this matter to the parties in *District of Columbia* v. *Proud Boys Int'l LLC*, No. 21-cv-3267 (D.D.C.).

In further support of this application, the District states as follows.

## LEGAL STANDARD

1.    Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for such relief with the Court." The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

2.    Standing Order No. 21-28 (the "Standing Order") provides that, to obtain access to video exhibits in a criminal case "arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')," a non-party must file an application under Local Criminal Rule 57.6. Standing Order at 5; *see also In re Press Coal.'s Mot. for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *8 (D.D.C. July 2, 2021) (noting the Standing Order "provides mechanisms for public and media access to video exhibits for this Court"). If the

application is granted, the Government must make the video exhibits available using a "drop box." Standing Order at 5-6. The judge may further order that the Government permit the non-party to download the video exhibits. *Id.* at 6. Further, the Standing Order states that no "retransmitting . . . of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge, who may seek the position of the parties[.]" *Id.*

## STATEMENT OF INTEREST

3. The District seeks to access, download, and retransmit the Trial Exhibits, which are relevant to its claims in the pending civil case *District of Columbia* v. *Proud Boys Int'l LLC,* No. 21-cv-03267 (D.D.C.).

4. The District is the plaintiff in this lawsuit alleging, *inter alia,* that several defendants, including Nordean, Biggs, Rehl, Donohoe, Tarrio, and Pezzola, who were tried in this case, conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and conspired with others in assaulting and battering its Metropolitan Police Department officers. *See* Am. Comp1. at 112–16, ¶¶ 460–90, *District of Columbia*, Dkt. 94 (hereinafter "District Am. Compl.").

5. In addition, the Third Superseding Indictment in this case charged Nordean, Biggs, Rehl, Tarrio, and Pezzola with Conspiracy to Prevent an Officer from Discharging Any Duties under 18 U.S.C. § 372, the criminal corollary to Section 1985, which contains almost identical language. *See* Dkt. 380 at 26. Nordean, Biggs, Rehl, Tarrio, and Pezzola were all found guilty on that count. *See* No. 21-cr-175, Minute Order (May 4, 2023). The Third Superseding Indictment also charged Nordean, Biggs, Rehl, Tarrio, and Pezzola with Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k), *see* Dkt. 380 at 24, of which Nordean, Biggs, Rehl, and Tarrio were found guilty, *see* No. 21-cr-175,

4

Minute Order (May 4, 2023).[2] The Trial Exhibits are likely to bear on the Defendants' and others' roles in planning, coordinating, and executing the Attack, all of which are relevant to the District's claims.

6. Accordingly, the Trial Exhibits are relevant to the District's claims in *District of Columbia.*

## STATEMENT OF FACTS

7. On April 8, 2022, Defendant Donohoe pleaded guilty to Conspiracy to Obstruct an Official Proceeding and Assaulting, Resisting, or Impeding Certain Officers. *See* Dkt. 335.

8. On May 4, 2023, a trial jury in this case found:

- Defendant Nordean guilty of Seditious Conspiracy, Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding and Aiding and Abetting, Conspiracy to Prevent an Officer from Discharging Any Duties, Civil Disorder and Aiding and Abetting, and Destruction of Government Property and Aiding and Abetting;

- Defendant Biggs guilty of Seditious Conspiracy, Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding and Aiding and Abetting, Conspiracy to Prevent an Officer from Discharging Any Duties, Civil Disorder and Aiding and Abetting, and Destruction of Government Property and Aiding and Abetting;

- Defendant Rehl guilty of Seditious Conspiracy, Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding and Aiding and Abetting, Conspiracy to Prevent an Officer from Discharging Any Duties, Civil Disorder and Aiding and Abetting, and Destruction of Government Property and Aiding and Abetting;

- Defendant Tarrio guilty of Seditious Conspiracy, Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding and Aiding and Abetting, Conspiracy to Prevent an Officer from

---

[2] Defendant Donohoe was not charged in the Third Superseding Indictment. By that time, he had already entered into a guilty plea and corresponding plea agreement. *See* Dkt. 335. Pursuant to that plea agreement, Donohoe pleaded guilty to one count of violating § 1512(k) and one count of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a). *Id.*

> Discharging Any Duties, Civil Disorder and Aiding and Abetting, and Destruction of Government Property and Aiding and Abetting; and

- Defendant Pezzola guilty of Obstruction of an Official Proceeding and Aiding and Abetting, Conspiracy to Prevent an Officer from Discharging Any Duties, Civil Disorder and Aiding and Abetting, Destruction of Government Property and Aiding and Abetting, Assaulting, Resisting, or Impeding Certain Officers, and Robbery of Personal Property of the United States.

*See* No. 21-cr-175, Minute Order (May 4, 2023).

9. The District's Amended Complaint in its civil action alleges the same conduct by these same Defendants. *See* District Am. Compl. at 112–16 , ¶¶ 460–90.

10. On March 31, 2023, the Court in *District of Columbia* granted in part and denied in part motions to dismiss by various defendants, permitting the case to proceed to discovery. *See generally* Mem. Op. & Order, *District of Columbia,* No. 21-cv-03267 (Apr. 1, 2023), Dkt. 171. The District's claims for civil conspiracy to commit assault, battery, and intentional infliction of emotional distress survived that motion against all defendants. *See id.* In addition, the District has maintained claims under 42 U.S.C. Sections 1985 and 1986 against Nordean, Rehl, Donohoe, Pezzola, and the Proud Boys, who did not move to dismiss the District's claims.

11. Defendants Nordean, Biggs, Rehl, Donohoe, Tarrio, and Pezzola are, respectively, the same Nordean, Biggs, Rehl, Donohoe, Tarrio, and Pezzola who are defendants in *District of Columbia* v. *Proud Boys.*

**ARGUMENT**

12. The Trial Exhibits are relevant to the District's claims. *See, e.g., Tarquinii* v. *Del Toro,* No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (citations omitted)). The

6

District's civil conspiracy, Section 1985, and Section 1986 claims require proof of certain agreements between co-conspirators, *see Thompson* v. *Trump*, 590 F. Supp. 3d 46, 96-97 (D.D.C. 2022) (describing principles of civil conspiracy), which was a fundamental requirement of proving the criminal charges in this case.

13. The evidence in this criminal case is relevant to the District's conspiracy to commit assault, battery, and intentional infliction of emotional distress claims. A claim of civil conspiracy requires a showing that there was "an agreement between two or more people to participate in an unlawful act or a lawful act in an unlawful manner" and "that there was a single plan, the essential nature and general scope of which were known to each person who is to be held responsible for its consequences." Mem. Op. & Order, *District of Columbia,* No. 21-cv-03267 (Apr. 1, 2023), Dkt. 171 (quoting *Hobson* v. *Wilson*, 737 F.2d 1, 51–52 (D.C. Cir. 1984)). The District's Amended Complaint alleges an overarching agreement between Defendants to take part in the unlawful acts of "obstructing federal officials in the performance of their constitutional duties," "inciting and carrying out a riot," "unlawfully trespassing on federal property," and "committing numerous acts of intimidation, threats of violence, and violence." *See id.* (quoting District Am. Compl. ¶¶ 478, 483, 488).

14. The Trial Exhibits are relevant to showing Defendants' roles in planning, coordinating, and executing the Attack, all of which go to whether Defendants had an agreement to participate in unlawful acts and whether there was a single plan known to each person who is to be held responsible for its consequences. They also may show how Congress and Metropolitan Police Officers were attacked, the intensity of the Attack, and how the attackers conspired with others present during the Attack, all of which may help

7

substantiate the District's claims and inform the discovery strategy in its civil action. *See Collier* v. *District of Columbia,* 46 F. Supp. 3d 6, 14 (D.D.C. 2014) (assault requires showing "apprehension of harmful or offensive contact and that a reasonable person in his position would have experienced such apprehension"); *District of Columbia* v. *Chinn,* 839 A.2d 701, 705 (D.C. 2003) (battery requires "proving an intentional act that causes harmful or offensive bodily contact").

15. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States* v. *Moussaoui,* 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

16. There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.,* 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g.*, *In re Press & Pub. Access to Video Exhibits in Capitol Riot Cases*, No. MC 21–46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (video exhibits in Capitol Cases "are undoubtedly judicial records to which the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

8

17. That presumption is incontestable where the requested judicial records were submitted at trial. *See, e.g.*, *Craig* v. *Harney,* 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

18. Here, the District is entitled to access the Trial Exhibits.

19. The public interest in the Trial Exhibits is very high, as they concern an attack on the United States Capitol. Indeed, the Standing Order recognizes the "significant public . . . interest" in the Capitol Cases. Standing Order at 2. The Trial Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *In re Press Coal's Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7.

20. Thus, this Court has granted non-parties the ability to access and download exhibits in several Capitol Cases. *See United States* v. *Rhodes*, No. 22-cr-00015 (D.D.C), Dkt. 636-1; *United States* v. *Nordean*, No. 22-cr-00175 (D.D.C), Dkt. 809-1; Minute Order granting The Press Coalition's Motion to Access Video Exhibits, *United States* v. *Nordean*, No. 22-cr-00175 (D.D.C May 23, 2022); Minute Order, *United States* v. *Cua,* No. 21-cr-107 (D.D.C. May 15, 2023) (granting Capitol Police Officers' request for trial exhibits); Minute Order granting The Press Coalition's Motion to Access Trial Exhibits, *United States* v. *Rhodes*, No. 22-cr-00015 (D.D.C. Dec. 12, 2022); *United States* v. *Bru*, No. 21-cr-352 (D.D.C.) (*In re Mark Bru*, No. 23-mc-122, Dkt. 2); *United States* v. *Worrell*, No.

9

21-cr-292 (D.D.C.), (*In re Christopher Worrell*, No. 23-mc-120, Dkt. 3); *United States* v. *Crowl*, 21-cr-28 (D.D.C.), Dkt. 1096.

21. Accordingly, the requested Trial Exhibits are a matter of public record and should be made readily available to the District.

## PRAYER FOR RELIEF

22. For the foregoing reasons, the District requests that this application be granted.

## CONCLUSION

For the foregoing reasons, the District requests that the Court order the Government to allow the District to access and download the Trial Exhibits through an electronic drop box and permit the District to retransmit and distribute the exhibits to the parties in *District of Columbia* v. *Proud Boys Int'l LLC,* No. 21-cv-3267 (D.D.C.).

Dated: March 19, 2024

*Counsel for Plaintiff District of Columbia:*

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:   /s/ *Brendan B. Downes*
     Brendan B. Downes (D.C. Bar 187888)
     400 6th St. NW
     Washington, DC 20001
     Tel: 202-724-6533
     Email: Brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By: /s/ *Norman Eisen*
    Norman Eisen (D.C. Bar 435051)
    Christine P. Sun
    Katherine Reisner
    Gillian Feiner
    Zack Goldberg
    1101 17th St NW, Suite 250
    Washington, DC 20036
    Tel: (202) 999-9305
    Email: norm@statesuniteddemocracy.org
          christine@statesuniteddemocracy.org
          katie@statesuniteddemocracy.org
          gillian@statesuniteddemocracy.org
          zack@statesuniteddemocracy.org

**DECHERT LLP**

By: /s/ *Vincent H. Cohen, Jr.*
    Vincent H. Cohen, Jr. (D.C. Bar 471489)
    D. Brett Kohlhofer (D.C. Bar 1022963)
    1900 K Street, NW
    Washington, D.C. 20006-1110
    Tel: 202-261-3300
    Fax: 202-261-3333
    Email: vincent.cohen@dechert.com
          d.brett.kohlhofer@dechert.com

By: /s/ *Michael S. Doluisio*
    Michael S. Doluisio
    2929 Arch Street
    Philadelphia, PA 19104-2808
    Tel:  215-994-2000
    Fax:  215-994-2222
    Email: michael.doluisio@dechert.com

**THE ANTI-DEFAMATION LEAGUE**

By: /s/ *James Pasch*
    James Pasch
    605 Third Avenue
    New York, NY 10158-3650
    Tel: 212-885-5806
    Email: jpasch@adl.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Jeannie S. Rhee*
    Jeannie S. Rhee (D.C. Bar 464127)
    2001 K Street, NW
    Washington, D.C. 20006-1047
    Tel:  202-223-7300
    Fax:  202-223-7420
    Email:  jrhee@paulweiss.com

By: /s/ *Daniel J. Kramer*
    Daniel J. Kramer
    Andrew J. Ehrlich
    Erin J. Morgan
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Tel: 212-373-3000
    Fax: 212-757-3990
    Email: dkramer@paulweiss.com
          aehrlich@paulweiss.com
          ejmorgan@paulweiss.com